NATIONWIDE INSURANCE COMPANY, APPELLANT, *v.*
ESTATE OF KOLLSTEDT ET AL., APPELLEES.

[Cite as *Nationwide Ins. Co. v. Estate of
Kollstedt* (1995), 71 Ohio St.3d 624.]

(No. 93–942—Submitted January 24, 1995—Decided March 29, 1995.)

" * * *

" * * *

*Droder & Miller Co., L.P.A.,* and *W. John Sellins,* for appellant.

*Millikin & Fitton Law Firm* and *Michael A. Fulton,* for appellee Tharp.

*Stephen C. Lane* and *David L. Kash,* for appellee Abbott.

DOUGLAS, J. The issue that has been certified to this court by the Twelfth Appellate District is "whether, within the context of an intentional injury exclusion clause in an insurance contract, insanity should be defined pursuant to R.C. 2901.01(N) or *Turner, supra* [29 Ohio App.3d 73, 29 OBR 83, 503 N.E.2d 212]."

R.C. 2901.01(N), effective July 24, 1990, provides that "a person is 'not guilty by reason of insanity' relative to a charge of an offense only if he proves * * * that at the time of the commission of the offense, he did not know, as a result of a severe mental disease or defect, the wrongfulness of his acts."

In *Turner, supra,* 29 Ohio App.3d 73, 76, 29 OBR 83, 87, 503 N.E.2d 212, 216, the Court of Appeals for Cuyahoga County held that "an act of an individual cannot be treated as 'intentional' if the insured was suffering from a derangement of his intellect which deprived him of the capacity to govern his conduct in accordance with reason."

In response to the specific question certified to us by the Twelfth Appellate District, we find that within the context of an intentional-injury-exclusion clause in an insurance contract, insanity should be defined pursuant to *Turner*—not R.C. 2901.01(N).

In the case at bar, the trial court, citing *Turner*, found that Kollstedt lacked the mental capacity at the time of the shooting to commit an intentional act. Therefore, the trial court determined that the exclusion in Kollstedt's home-owner's policy for expected or intended injuries did not apply. The evidence supporting the trial court's determination consisted of, *inter alia*, the deposition testimony of two expert witnesses, Drs. Fisher and Samy. In his deposition, Dr. Fisher testified that Kollstedt suffered from degenerative dementia of the Alzheimer type and senile onset with delirium. Fisher stated that Kollstedt's mental derangement at the time of the shooting would have made it impossible for him " * * * to carry on the sequence of events that would have led from the planful [*sic*] intent to actually executing a deed." According to Fisher, Kollstedt's mental state precluded Kollstedt from planning or premeditating an action in a purposeful manner. Similarly, Dr. Samy concluded that Kollstedt's mental condition at the time of the shooting precluded Kollstedt from making a rational judgment.

On appeal, the court of appeals determined that the evidence supported the trial court's determination that Kollstedt could not have acted intentionally at the time of the shooting, since Kollstedt suffered from a derangement of intellect that deprived him of the capacity to govern his conduct in accordance with reason. Therefore, the court of appeals, applying *Turner*, affirmed the judgment of the trial court that the intentional injury exclusion did not apply.

We affirm the judgment of the court of appeals. We hold that a provision in a liability insurance policy which excludes coverage to an insured where the insured expected or intended to cause bodily injury or property damage does not apply under circumstances where the insured was mentally incapable of committing an intentional act. When disputed, the determination whether an insured lacked the mental capacity to commit an intentional act is a matter to be determined, in the first instance, by a trial court, and such determination is to be made by the trial court on the basis of the evidence. Such a determination will not be disturbed, absent an abuse of discretion. We find no abuse of discretion here.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in the syllabus and judgment only.