CUERVO ET AL., APPELLEES, *v.* CINCINNATI INSURANCE COMPANY, APPELLANT.

[Cite as *Cuervo v. Cincinnati Ins. Co.* (1996), 76 Ohio St.3d 41.]

(No. 94–2404—Submitted January 23, 1996—Decided July 3, 1996.)

*Isaac, Brant, Ledman & Teetor, Charles E. Brant* and *Terri B. Gregori,* for appellees.

*Lane, Alton & Horst* and *Karen Krisher Rosenberg,* for appellant.

MOYER, C.J.   Cincinnati Insurance Company has abandoned its argument below that the Cuervos could only use the supplemental petition procedures established by R.C. 3929.06 to collect the amounts awarded to them from Cincinnati, the Snells' insurer.   Without expressing any opinion concerning the merits of that argument, and without condoning the procedure used by the Cuervos in filing a new, separate action, rather than filing a supplemental petition in the action brought against the insureds, we deem any error which may have occurred arising out of this procedural choice to have been waived.

In *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 665 N.E.2d 1115, decided this date, we held that incidents of intentional acts of sexual molestation of a minor do not constitute "occurrences" for purposes of determining insurance coverage;  that intent to harm inconsistent with an insurable incident is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor; and that the public policy of the state of Ohio, which prohibits the issuance of insurance to indemnify damages flowing from intentional torts, precludes issuance of insurance to provide liability coverage for injuries resulting from intentional acts of sexual molestation of a minor.

*Gearing's* holdings require that we reverse the court of appeals, which remanded the instant cause for determination of Peter Snell's actual intent.   Pursuant to *Gearing,* it makes no difference whether Peter lacked a subjective intent to harm the Cuervo children (and no question has been raised as to Peter's capacity, as a sixteen year old, to commit an intentional act.   Cf. *Nationwide Ins. Co. v. Kollstedt Estate* [1995], 71 Ohio St.3d 624, 646 N.E.2d 816).   Therefore, the trial court properly entered summary judgment in favor of Cincinnati as to its alleged obligation to pay the judgment awarded against Peter Snell.

Similarly, the damages for which the Cuervos seek compensation flow from Peter's intentional acts of sexual molestation of a minor. Thus, and on this record, the obligation of Cincinnati to pay the judgment entered against his father, Stephen, is precluded as well. See *Gearing,* at paragraph two of the syllabus. See, also, *Taryn v. Joshua* (1993), 178 Wis.2d 719, 505 N.W.2d 418; *Northwest G.F. Mut. Ins. Co. v. Norgard* (N.D.1994), 518 N.W.2d 179, 184; *Farmers Ins. Co. of Washington v. Hembree* (1989), 54 Wash.App. 195, 773 P.2d 105.

For the above reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

DOUGLAS, WISE and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

JOHN W. WISE, J., of the Fifth Appellate District, sitting for WRIGHT, J.

TERRENCE O'DONNELL, J., of the Eighth Appellate District, sitting for COOK, J.