[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 41.]

CUERVO ET AL., APPELLEES, *v.* CINCINNATI INSURANCE COMPANY,

APPELLANT.

[Cite as *Cuervo v. Cincinnati Ins. Co.*, 1996-Ohio-99.]

*Insurance—Incidents of intentional acts of sexual molestation of a minor do not constitute "occurrences" for purposes of determining liability insurance coverage—Public policy precludes issuance of insurance to provide liability coverage for injuries resulting from intentional acts of sexual molestation of a minor.*

(No. 94-2404—Submitted January 23, 1996—Decided July 3, 1996.)

APPEAL from the Court of Appeals for Franlin County, No. 93APE12-1715.

———————————

{¶ 1} On August 31, 1989, Armando and Cathy Cuervo, the parents of A.C., age eight, and his sister, C.C., age six, filed suit on their own behalf, and on behalf of their children, naming Peter Snell, a minor, and his father, Stephen Snell, defendants. The plaintiffs sought to recover damages from Peter based on alleged acts of child sexual abuse committed by him while baby-sitting A.C. and C.C. in 1985, when Peter was sixteen years of age. In addition, the plaintiffs sought recovery from Stephen, based on his alleged negligence in advertising Peter to be a competent sitter, and in failing to properly supervise his son. The complaint alleged that both A.C. and C.C. had suffered physical injuries, and emotional and psychological damage, as a result of the defendant's conduct. It further alleged that the Cuervo parents had suffered compensable mental anguish and suffering.

{¶ 2} Appellant, Cincinnati Insurance Company ("Cincinnati"), had issued a homeowner's insurance policy to Stephen which provided personal liability coverage to the Snells during the time of the alleged sexual molestation. The Snells were duly served with a summons and copy of the complaint and amended

complaint. There is no evidence in the record that the Snells ever requested Cincinnati to provide them with a defense to the lawsuit filed by the Cuervos. Instead, the Snells invoked the services of several Ohio attorneys to represent them in the suit brought by the Cuervos, one of whom appeared for the limited purpose of challenging the sufficiency of the complaint. The Snells' other attorney advised them that, in his opinion, the Cuervos lawsuit did not fall within the coverage provided by the Cincinnati homeowner's policy.

{¶ 3} Ultimately, the court entered default judgments against Peter and Stephen, finding them liable as alleged in an amended complaint filed by the Cuervos. After the plaintiffs offered evidence of their damages, the court entered final judgment awarding $100,000 to A.C., $100,000 to C.C., and $62,248.85 to the Cuervo parents. No appeal was taken from the entry of this final judgment on June 7, 1991.

{¶ 4} In 1992 the Cuervos filed a new and separate action, naming defendant-appellant Cincinnati Insurance Company, and seeking satisfaction of the judgments obtained against the Snells from Cincinnati based on the homeowner's policy. Both the Cuervos and Cincinnati filed motions seeking summary judgment. Cincinnati's motion was based upon its contentions that (1) the Snell judgment did not fall within the coverage provided by Stephen's homeowner's insurance policy, as it came under an "intended injury" exclusion; (2) the judgment was not for "bodily injury" or "property damage" within the meaning of the policy; and (3) Cincinnati was not liable on the judgment, in that it was obtained without notice to it. Cincinnati also asserted that the Cuervos did not seek collection from it by following the supplemental petition procedures established by R.C. 3929.06.

{¶ 5} The trial court granted summary judgment to Cincinnati, finding that the policy it had issued to Stephen did not create an obligation on its part to satisfy the judgments entered against either Peter or Stephen.

**{¶ 6}** The court of appeals reversed, finding that "as to the liability of Stephen Snell, there is coverage since there is nothing in the evidence indicating that he intended any bodily injury to occur to the minor children" by his alleged negligent supervision of Peter. Thus, the court of appeals reversed the entry of judgment in favor of Cincinnati as to the obligation to pay the judgment entered against Peter, finding that coverage would exist if Peter had not intended to harm the Cuervo children, and that issues as to Peter's intent and state of mind presented questions of fact which could not be resolved by summary judgment. The court of appeals remanded for a determination of Peter's intent.

**{¶ 7}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Isaac, Brant, Ledman & Teetor*, *Charles E. Brant* and *Terri B. Gregori*, for appellees.

*Lane, Alton & Horst* and *Karen Krisher Rosenberg*, for appellant.

_____

**MOYER, C.J.**

**{¶ 8}** Cincinnati Insurance Company has abandoned its argument below that the Cuervos could only use the supplemental petition procedures established by R.C. 3929.06 to collect the amounts awarded to them from Cincinnati, the Snells' insurer. Without expressing any opinion concerning the merits of that argument, and without condoning the procedure used by the Cuervos in filing a new, separate action, rather than filing a supplemental petition in the action brought against the insureds, we deem any error which may have occurred arising out of this procedural choice to have been waived.

**{¶ 9}** In *Gearing v. Nationwide Ins. Co.* (1996), ____ Ohio St.3d ___, ___ N.E.2d ___, decided this date, we held that incidents of intentional acts of sexual molestation of a minor do not constitute "occurrences" for purposes of determining

insurance coverage; that intent to harm inconsistent with an insurable incident is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor; and that the public policy of the state of Ohio, which prohibits the issuance of insurance to indemnify damages flowing from intentional torts, precludes issuance of insurance to provide liability coverage for injuries resulting from intentional acts of sexual molestation of a minor.

{¶ 10} *Gearing's* holdings require that we reverse the court of appeals which remanded the instant cause for determination of Peter Snell's actual intent. Pursuant to *Gearing*, it makes no difference whether Peter lacked a subjective intent to harm the Cuervo children (and no question has been raised as to Peter's capacity, as a sixteen year old, to commit an intentional act. Cf. *Nationwide Ins. Co. v. Kollstedt Estate* [1995], 71 Ohio St.3d 624, 646 N.E.2d 816.) Therefore, the trial court properly entered summary judgment in favor of Cincinnati as to its alleged obligation to pay the judgment awarded against Peter Snell.

{¶ 11} Similarly, the damages for which the Cuervos seek compensation flow from Peter's intentional acts of sexual molestation of a minor. Thus, and on this record, the obligation of Cincinnati to pay the judgment entered against his father, Stephen, is precluded as well. See *Gearing*, at paragraph two of the syllabus. See, also, *Taryn v. Joshua* (1993), 178 Wis.2d 719, 505 N.W. 2d 418; *Northwest G.F. Mut. Ins. Co. v. Norgard* (N.D.1994), 518 N.W. 2d 179, 184; *Farmers Ins. Co. of Washington v. Hembree* (1989), 54 Wash. App. 195, 773 P.2d 105.

{¶ 12} For the above reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

DOUGLAS, WISE and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

JOHN W. WISE, J., of the Fifth Appellate District, sitting for WRIGHT, J.

TERRENCE O'DONNELL, J., of the Eighth Appellate District, sitting for COOK, J.

————————————