NOFTZ et al., Appellants,

v.

ERNSBERGER et al.; Allstate Insurance Company, Appellee.

[Cite as *Noftz v. Ernsberger* (1998), 125 Ohio App.3d 376.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–97–026.

Decided Jan. 16, 1998.

*Jack G. Fynes,* for appellants.

*M. Donald Carmin,* for appellee.

---

MELVIN L. RESNICK, Judge.

This is an accelerated appeal from the Ottawa County Court of Common Pleas granting summary judgment in favor of appellee, Allstate Insurance Company. Appellants, Krista Noftz and Edward and Linda Noftz, individually and as the legal guardians of Krista Noftz, appeal and set forth the following assignment of error:

"The trial court erred in granting Allstate Insurance Company's motion for summary judgment."

On July 5, 1996, Aaron Ernsberger, then age seventeen, was given permission by his parents, David and Christine Ernsberger, to stay overnight on their boat docked at East Harbor Park Marina in Ottawa County, Ohio. During the early

morning hours of July 6, 1996, and while on the boat, Aaron engaged in sexual intercourse with Krista Noftz, then age fourteen. Aaron later claimed that the sexual relations were wholly consensual; Krista asserted that the act was nonconsensual and forced.

At the time the sexual conduct occurred, David and Christine Ernsberger carried both homeowner's insurance and watercraft owner's insurance with Allstate.

The homeowner's policy provides coverage for damages that an insured person is legally obligated to pay because of bodily injury or property damage arising from an occurrence to which the policy applies. An "occurrence" is defined in the policy as "an accident * * * resulting in bodily injury or property damage." The "Family Liability Protection" section of the policy contains the following relevant exclusions:

"1. **We** do not cover any **bodily injury** * * * intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any **insured person.** This exclusion applies even if:

"* * *

"b) such bodily injury * * * is of a different kind or degree than that intended or reasonably expected.

"* * *

"This exclusion applies regardless of whether or not such **insured person** is actually charged with or convicted of a crime.

"* * * *

"7. **We** do not cover **bodily injury** * * * arising out of:

"a) the negligent supervision by an **insured person** of any person; * * *

"arising from the ownership, maintenance, use, * * * [or] entrusting * * * of any * * * watercraft not covered under **Section II** of this policy."

The relevant provisions of the watercraft policy read:

"We will pay all sums arising from accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury * * * resulting from the ownership, maintenance, or use of covered watercraft. * * *

"1. We do not cover any bodily injury * * *:

"a) which may reasonably be expected to result from the intentional or criminal acts of an insured person of which are in fact intended by an insured person."

On May 29, 1996, appellants filed a complaint naming Aaron, David, and Christine as defendants. The complaint contained the following eight counts based on the incident occurring on July 6, 1994: (1) Aaron intentionally and willfully assaulted Krista, (2) Aaron negligently failed to listen to Krista in that she communicated to him that she did not want to engage in sexual relations and he did not comply with her wishes,[1] (3) Aaron intentionally and willfully served Krista alcoholic beverages in order to lower her defenses, (4) Aaron's conduct constituted a conscious disregard for the rights and safety of Krista, (5) David and Christine failed to supervise or control Aaron to prevent him from engaging in conduct likely to cause harm to others, (6) David and Christine were negligent in that they allowed Aaron to stay all night on their boat with access to alcoholic beverages, (7) David and Christine were negligent in failing to secure any alcoholic beverages aboard the boat, and (8) Edward and Linda Noftz experienced a loss of Krista's companionship and services and incurred medical expenses as a result of Aaron's sexual conduct.

According to the complaint, "Krista experienced and continues to experience temporary and permanent terror, physical and psychological injury, pain and suffering, anxiety, severe emotional distress, sleeplessness, disability, impaired earning capacity and diminution in the quality of her lifestyle and daily activities" as a result of Aaron's conduct.

Allstate intervened in the action, below asking the trial court to declare that Allstate had no duty to defend or indemnify the Ernsberger family under either the terms of the homeowner's policy or the terms of the watercraft owner's policy.

Subsequently, appellants and Allstate filed motions for summary judgment in the declaratory judgment action. David and Christine Ernsberger filed a motion for summary judgment on appellants' negligent-supervision claims.

On April 22, 1997, the trial court filed its decision finding that the act of intercourse, whether consensual or nonconsensual, was an intentional act and that coverage was therefore excluded under the Allstate homeowner's and watercraft insurance policies. The court further determined that appellants had failed to offer evidence to support their negligent-supervision claims. The court then ordered counsel for Allstate and for David and Christine Ernsberger to prepare judgment entries for submission to the court.

On May 28, 1997, the trial court granted Allstate's motion for summary judgment and denied appellant's motion for summary judgment. The judgment contained the required Civ.R. 54(B) language rendering this judgment a final

---

1. Although couched in terms of negligence, this claim is also based upon Aaron's intentional conduct.

appealable order. On June 11, 1997, the court granted the summary judgment motion of David and Christine Ernsberger. That judgment did not include Civ.R. 54(B) language.

On June 18, 1997, appellants filed a notice of appeal from both the May 28 and June 11 judgments. On June 27, 1997, the Ernsbergers appealed the May 28 judgment. Subsequently, this court determined that the June 11 judgment was not a final appealable order and dismissed appellants' appeal as to that judgment. The Ernsbergers then dismissed their appeal.

In their sole assignment of error, appellants contend that the trial court erred in granting summary judgment to Allstate on the issue of whether the Ernsberger homeowner's and/or watercraft owners' policies provide coverage for the injury suffered by Krista as the result of Aaron's conduct and for appellants' negligent-supervision claims against David and Christine Ernsberger.

■ In reviewing a motion for summary judgment, an appellate court employs the same standard as the trial court. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C).

■ In the present case, appellants first argue that the trial court erred in granting the motion for summary judgment because questions of fact exist as to whether the sexual conduct between Aaron and Krista was consensual. Therefore, appellants reason that, despite the fact that Aaron's sexual conduct was intentional, the exclusion could not apply because the insurer failed to demonstrate that Aaron specifically intended to cause the resulting harm or was not substantially certain that the harm would occur. See *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 193, 569 N.E.2d 906, 910–911.

In *Swanson,* the tortfeasor aimed a BB gun in the direction of a group of teenagers at a picnic table and shot three times. According to Bill Swanson, the tortfeasor, he was aiming at a sign near the teenagers and not at the group itself. Nonetheless, one of the teenagers, Todd Baker, was struck in the right eye with a BB and, ultimately, lost that eye. Baker and his parents brought a civil action against Bill and his parents.

In a related declaratory judgment action instituted by the Swansons' insurers, the trial court found that, because Bill Swanson did not intentionally injure Todd Baker, the insurance companies had a duty to defend and indemnify the Swanson

family. The appellate court reversed this judgment, finding, "[I]t is the intentional nature of the act of the insured, rather than the result of such an act, * * * which determines whether coverage will apply." The Ohio Supreme Court reversed the appellate court decision, holding, at the syllabus:

"In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended."

Following *Swanson*, the Supreme Court of Ohio decided *Gearing v. Nationwide Ins. Co. of Ohio* (1996), 76 Ohio St.3d 34, 665 N.E.2d 1115. The *Gearing* court first held that "an insurance company is under no obligation to its insured, or to others harmed by the actions of an insured, unless the conduct alleged of the insured falls within the coverage of the policy." *Id.* at 36, 665 N.E.2d at 1117. In finding that intentional acts of sexual molestation of a child by an adult were not "occurrences" for the purpose of determining coverage under a liability insurance policy, the *Gearing* court determined that the intent to harm can be inferred from the sexual activity itself. *Id.* at paragraph one of the syllabus.

In reaching its decision, the court discussed *Vermont Mut. Ins. Co. v. Malcolm* (1986), 128 N.H. 521, 517 A.2d 800. The Ohio Supreme Court stated:

"The [*Malcolm*] court reasoned that an insured's intentional act does not cause 'accidental' results when the act 'is so inherently injurious that it cannot be performed without causing the resulting injury.' *Id.* at 524, 517 A.2d at 802. Thus, in those cases where an intentional act is substantially certain to cause injury, determination of an insured's subjective intent, or lack of subjective intent, is not conclusive of the issue of coverage. Rather, an insured's protestations that he 'didn't mean to hurt anyone' are only relevant where the intentional act at issue is not substantially certain to result in injury." *Id.* at 39, 665 N.E.2d at 1119.

In the case before us, Aaron admitted that he knew that Krista was a minor and believed that she was a virgin prior to the early morning hours of July 6, 1997. Krista herself stated that she was a virgin prior to her sexual activity with Aaron. Whether or not Aaron subjectively believed that Krista consented to this activity or whether Aaron felt that he was not harming Krista is not relevant to the determination of Aaron's intent for the purpose of insurance coverage. Unlike Bill Swanson, Aaron, under the facts of this case, by engaging in sexual activity with Krista, was substantially certain that harm would occur. The harm, both physical and psychological, that did occur could be reasonably expected as a result of Aaron's intentional act.

Moreover, assuming that Krista did, indeed, consent to the admitted sexual relationship, we must conclude that she and her parents are not entitled to

recover under the Allstate homeowner's or watercraft owner's policies. To this court's knowledge, those cases following *Gearing* by inferring intent to harm as a matter of law for the purpose of the exclusion of insurance coverage have all involved sexual molestation that could or did constitute a crime under the laws of Ohio. See, *e.g., Cuervo v. Cincinnati Ins. Co.* (1996) 76 Ohio St.3d 41, 44, 665 N.E.2d 1121, 1122–1123; *Owners Ins. Co. v. Downing* (May 30, 1997), Fulton App. No. F–96–021, unreported, 1997 WL 289668; *Doe v. Rountree* (May 10, 1995), Summit App. No. 16871, unreported, 1995 WL 283782. This also appears to be the rule in other jurisdictions. See, generally, Florig, Insurance Coverage for Sexual Abuse and Molestation (1995), 30 Tort & Law Ins. L.J. 699.

Nevertheless, and assuming Krista did consent, despite the fact that Aaron did not commit a sexual offense as defined in R.C. Chapter 2907, both Aaron and Krista could be adjudicated unruly children under R.C. 2151.022(C). This statute defines an unruly child as one "who so deports himself or herself as to injure or endanger his or her health or morals or the health and morals of others." R.C. 2151.022(C) expresses a legislative intent to bar activities among minors, *i.e.,* anyone under the age of eighteen, that could cause physical and psychological harm to those minors. Considering the public policy behind R.C. 2151.022(C), we must conclude that, under the circumstances of this case, the intent to harm must be inferred. Therefore, the "intentional acts" clauses in both the homeowner's and watercraft owner's policies exclude liability coverage for bodily injury resulting from the sexual activity between Aaron and Krista.

■ Appellants next contend, however, that finding coverage for the injury caused by Aaron's intentional act does not, as determined by the trial court, preclude coverage under the watercraft owner's policy for appellants' negligent-supervision claims against Christine and David Ernsberger. Because the damages sought by appellants arise from Aaron's intentional sexual activity with Krista, appellants cannot recover those damages from Allstate for the alleged negligent supervision (regarding the sexual activity that took place) by Christine and David Ernsberger. *Cuervo v. Cincinnati Ins. Co.,* 76 Ohio St.3d at 44, 665 N.E.2d at 1122–1123. See, also, *Worrell v. Daniel* (1997), 120 Ohio App.3d 543, 698 N.E.2d 494.

Appellants argue, nonetheless, that the trial court erred in granting summary judgment on the issue of whether coverage existed for the negligent-supervision claim related to the alleged presence of alcoholic beverages on Christine and David Ernsberger's boat.

■ To repeat, an insurer has no duty to defend or indemnify its insured when the insurer demonstrates that the acts of the insured were intentional. *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d

1118, paragraph two of the syllabus. Further, no coverage exists for the parents of a minor child whose intentional conduct causes damages. *Cuervo v. Cincinnati Ins. Co.,* 76 Ohio St.3d at 44, 665 N.E.2d at 1122–1123.

Here, we need only direct our attention to appellants' complaint. Count Three expressly states that Aaron intentionally and willfully served Krista alcoholic beverages to "lower her defenses." The negligent-supervision claims flow from this alleged intentional behavior. Therefore, Allstate had no duty to defend or indemnify Christine and David Ernsberger on any of the claims raised by appellants in their complaint.

Accordingly, the trial court did not err in granting Allstate's motion for summary judgment. Thus, appellants' sole assignment of error is found not well taken.

The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.