*396 Lundberg Stratton, J.,
concurring in part and dissenting in part. While I agree "with the majority’s conclusion that it is not against public policy to allow a person to insure against liability for negligence related to sexual molestation, I believe this holding should be applied prospectively only.
The law in Ohio has been that negligent acts that are associated with intentional acts of sexual molestation or other intentional harms do not constitute “occurrences” under a policy of liability insurance. Cuervo v. Cincinnati Ins. Co. (1996), 76 Ohio St.3d 41, 44, 665 N.E.2d 1121, 1122-1123. Insurance has not been available to indemnify damages that flow from intentional torts. Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 38, 665 N.E.2d 1115, 1118. This has included the denial of coverage for damages from the intentional acts as well as from the negligent acts that are associated with the intentional acts because “incidents of intentional acts of sexual molestation of a minor do not constitute ‘occurrences’ for purposes of determining insurance coverage.” Cuervo, 76 Ohio St.3d at 43, 665 N.E.2d at 1122-1123. We previously held that an act committed with an intent to harm is inconsistent with an insurance policy’s definition of “occurrence” that is based upon the concept of an accident. Thus, an intentional harm is not even an “occurrence.” Likewise, in Cuervo, we extended this reasoning to include negligent acts where the damages flow from an intentional tort. The alleged negligence of the parents of a minor who committed acts of sexual abuse in Cuervo was not an “occurrence” within the meaning of a liability insurance policy.
Now this court has reevaluated its interpretation of public policy. The new interpretation rests on the conclusion that the “occurrence” for purposes of liability insurance coverage can be the alleged negligence of the insured that is related to the underlying act of sexual molestation, not the intentional act itself. Because this reverses our previous position on this legal issue, I believe we should apply this interpretation prospectively only.
Therefore, while I believe that the negligence related to intentional acts of sexual molestation could be insurable, such a change should apply only to future incidents.