ALLSTATE INSURANCE COMPANY, Appellee,

v.

COLE et al.; Robinson, Appellant.

[Cite as *Allstate Ins. Co. v. Cole* (1998), 129 Ohio App.3d 334.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18733.

Decided Aug. 12, 1998.

*Frank G. Mazgaj* and *Robert L. Tucker,* for appellee Allstate Insurance Company.

*David A. Forrest* and *Ronald P. Tomallo, Jr.,* for appellant Lundy Robinson, Jr.

---

EDWARD J. MAHONEY, Judge.

Defendant-appellant Lundy Robinson, Jr. appeals a grant of summary judgment in favor of plaintiff-appellee Allstate Insurance Company ("Allstate"). We affirm in part and reverse in part.

## I

On October 16, 1993, co-defendant Jeffrey Cole took a handgun from a cabinet in his parents' house. Jeffrey fired the handgun into the air two or three times behind his parents' house before joining a friend on the street. Jeffrey walked up the street with the friend and fired the gun twice more into the air. Jeffrey then showed the gun to some friends on a corner. Robinson's son was one of these friends. While Jeffrey was playing with the gun and showing it to his friends, it discharged, killing Robinson's son. Although Jeffrey claimed that the shooting was an accident, he was eventually convicted of involuntary manslaughter based on a violation of R.C. 2903.13(B).

On October 16, 1995, Robinson filed a wrongful death claim against Jeffrey and his parents, James and Edna, on behalf of his deceased son. At that time, the Coles had a homeowner's insurance policy with Allstate. No one disputes that Jeffrey was an insured under this policy.

On December 19, 1995, Allstate filed a declaratory judgment action against the Coles, seeking a declaration that it had no duty to defend or indemnify the Coles. Robinson joined the declaratory judgment action.

On April 19, 1996, Allstate moved for summary judgment, relying on an intentional-acts exclusion contained in the Coles' policy, which excluded from coverage "any *bodily injury* or *property damage* intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any *insured person.*" (Emphasis *sic.*) On July 31, 1997, the trial court granted Allstate summary judgment based on the intentional-acts exclusion. Referring to the criminal conviction, the trial court found that "it has been conclusively determined that [Jeffrey] Cole perversely disregarded a known risk that his conduct was likely to cause a certain result, * * * in so acting, he should have reasonably expected injury to result." Robinson appeals.

## II

Robinson's sole assignment of error states:

"The trial court committed prejudicial error when it granted plaintiff–appellee's motion for summary judgment by finding that a criminal conviction of involuntary manslaughter conclusively determined, in and of itself, that an insured disregarded a known risk that his conduct was likely to cause a certain result and thereby triggered an exclusion clause contained in a homeowners' policy of insurance."

Insofar as it concerns Jeffrey Cole, this assignment of error is not well taken. First, this court has repeatedly held that a criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional-acts exclusion. *Allstate Ins. Co. v. Hevitan* (Jan. 24, 1996), Medina App. No. 2443–M, unreported, 1996 WL 27927; *Nationwide Mut. Fire Ins. Co. v. Carreras* (Nov. 15, 1995), Lorain App. No. 95CA006031, unreported, 1995 WL 678556; *Gunter v. Meacham* (Sept. 20, 1995), Summit App. No. 17125, unreported, 1995 WL 553190. See, also, *W. Res. Mut. Ins. Co. v. Campbell* (1996), 111 Ohio App.3d 537, 542, 545, 676 N.E.2d 919, 922–923, 924–925 (Quillin, P.J., concurring). Second, a conviction involving the element of recklessness is sufficient to trigger an intentional-acts exclusion, regardless of the underlying facts. *Steinke v. Allstate Ins. Co.* (1993), 86 Ohio App.3d 798, 803–804, 621 N.E.2d 1275, 1278–1279 (convicted of disorderly conduct in violation of R.C. 2917.11); *Hevitan, supra* (convicted of assault in violation of R.C. 2903.13[B]).

■ In this case, Jeffrey was convicted of involuntary manslaughter based on a violation of R.C. 2903.13(B). Recklessness is an element of R.C. 2903.13(B). Therefore, the applicability of the intentional-acts exclusion has been conclusively established by Jeffrey's conviction of a reckless act, regardless of the underlying facts. *Hevitan, supra.*

■ However, Jeffrey's conviction cannot be given conclusive effect against his parents, James and Edna.

■ Count III of Robinson's complaint is against James and Edna Cole, as the parents of Jeffrey, for negligently permitting Jeffrey to have access to the gun and for failing to supervise or instruct him in its use and safety. While collateral estoppel may apply to Jeffrey in this situation, it cannot be applied to James and Edna. Collateral estoppel requires some mutuality of parties to be applicable. See *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379–381, 680 N.E.2d 1279, 1282–1284. Neither James and Edna, nor Allstate Insurance, was a party to the underlying criminal action. Therefore, there is no mutuality of parties, and James and Edna Cole cannot be estopped from relitigating the issue of intent.

Concededly, a trier of fact may decide the case in favor of James and Edna upon the issues of negligence and/or proximate cause. However, that does not mean they should be denied a defense. Allstate can probably take its reservation of rights and may never pay any verdict, but it should provide the Coles with a defense. See *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 82, 23 OBR 208, 211–212, 491 N.E.2d 688, 691–692.

The judgment is affirmed in relation to Jeffrey, but is reversed as to James and Edna.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SLABY, P.J., and DICKINSON, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.