This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jessica A. Campobasso, appeals the decision of the Medina County Court of Common Pleas, granting summary judgment in favor of appellee, Merrimack Mutual Fire Insurance Company ("Merrimack"). We affirm.
On July 28, 2000, Ms. Campobasso filed a complaint in the Medina County Court of Common Pleas against Barbara and David Smolko and Seth Hill. In the complaint, Ms. Campobasso alleged, inter alia, that, while at a high school graduation party hosted by the Smolkos, Mr. Hill provided her with a clear liquid substance in a water bottle without warning her that the bottle contained the drug Gamma Hydroxy Butyrate ("GHB"). According to the complaint, as a result of unknowingly ingesting the drug, Ms. Campobasso became violently ill, lapsed into unconsciousness, and required hospitalization.
Mr. Hill had criminal charges brought against him based on his conduct of providing Ms. Campobasso with GHB. A conviction on the most serious of the charges, contaminating substance for human consumption or use, could have resulted in a mandatory sentence of life imprisonment for Mr. Hill. See R.C. 2927.24(E)(1). Consequently, pursuant to a plea agreement, Mr. Hill pled guilty to attempted felonious assault, in violation of R.C.2903.11 and 2923.02, and was sentenced accordingly. The other charges contained in the indictment were dismissed.
Additionally, during all times relevant to this appeal, Mr. Hill's mother, Denise Green, had a homeowners insurance policy with Merrimack. No one disputes that Mr. Hill was an "insured" within the meaning of the insurance policy. Significantly, the insurance policy excludes from coverage "`bodily injury' or `property damage' * * * [w]hich is expected or intended by the `insured[.]'"
On November 21, 2000, Merrimack filed an intervening complaint for declaratory judgment, requesting that the trial court determine the duties and obligations of the parties under the insurance policy. On April 4, 2001, Merrimack moved for summary judgment, arguing, inter alia, that the insurance policy excluded coverage for bodily injury that was intended or expected by the insured. Ms. Campobasso responded in opposition. On October 17, 2001, the trial court granted summary judgment in favor of Merrimack. Subsequently, pursuant to Civ.R. 41(A)(1), Ms. Campobasso dismissed without prejudice the action as to the Smolkos and Mr. Hill, rendering the October 17, 2001 decision a final, appealable order. This appeal followed.
Ms. Campobasso asserts a single assignment of error for review:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN GRANTING INTERVENING PLAINTIFF-APPELLEE SUMMARY JUDGMENT."
In her sole assignment of error, Ms. Campobasso contends that the trial court erred in granting summary judgment in favor of Merrimack by finding that Mr. Hill's conviction for attempted felonious assault conclusively established intent for the purpose of applying the intentional-acts exclusion of the insurance policy. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
"[I]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." Physicians Ins. Co. of Ohio v. Swanson
(1991), 58 Ohio St.3d 189, 193. This court has held that "a criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional-acts exclusion." Allstate Ins. Co. v.Cole (1998), 129 Ohio App.3d 334, 336; see, also, Allstate Ins. Co. v.Hevitan (Jan. 24, 1996), 9th Dist. No. 2443-M. Significantly, a conviction involving the culpable mental state of knowingly is sufficient to trigger an intentional-acts exclusion, so long as the exclusion is not restricted to purely intentional acts, but includes the expected results of one's acts. Nationwide Mut. Fire Ins. Co. v. Carreras (Nov. 15, 1995), 9th Dist. No. 95CA006031; see, also, Woods v. Cushion (Sept. 6, 2000), 9th Dist. No. 19896; Metropolitan Property and Cas. Ins. Co. v.Lengyel (May 31, 2000), 9th Dist. Nos. 19460 19479.
In the present case, Mr. Hill pled guilty to attempted felonious assault, in violation of R.C. 2903.11 and 2923.02. A conviction for attempted felonious assault involves the culpable mental state of knowingly. See R.C. 2903.11 and 2923.02. Furthermore, the insurance policy at issue herein excludes coverage for bodily injury which is both "expected or intended" by the insured. Accordingly, we conclude that the trial court properly granted summary judgment in favor of Merrimack.
Appellant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.