OPINION
{¶ 1} Plaintiffs-appellants, Jennifer Baker and Jason Baker, appeal a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Commercial Union Insurance Company ("Commercial Union"). We affirm the decision of the trial court.
 {¶ 2} On February 17, 1996, Jennifer Baker was a passenger in an automobile travelling on 275, when the automobile was cut off by a pickup truck driven by David White. The Baker automobile exited the highway and drove into the parking lot of a Wendy's restaurant. White followed the Baker vehicle into the parking lot, stopped behind it, then backed up and rammed into the automobile. White then left the scene. Jennifer Baker, who was in the vehicle when White rammed into it with his pickup truck, was injured.
 {¶ 3} Jennifer Baker and her husband, Jason Baker, filed a complaint against White. White notified his automobile insurance company, Commercial Union, of the lawsuit. Commercial Union refused to defend or indemnify White. The Bakers and White entered into a settlement agreement for a judgment of $50,000 in compensatory damages. White assigned all his rights, title and interest in any claims against Commercial Union to the Bakers.
 {¶ 4} The Bakers made Commercial Union a party to the lawsuit with a supplemental complaint. The trial court granted summary judgment in favor of Commercial Union, finding that it had no duty to defend or indemnify White because the insurance contract excluded intentional acts from coverage. The Bakers now appeal the trial court's decision, raising the following single assignment of error:
 {¶ 5} "The trial court erred as a matter of law by granting summary judgment to appellee insurance company because there are questions of fact as to whether tortfeasor White's conduct was excluded from liability insurance coverage by a policy exclusion for expected of intentional injuries."
 {¶ 6} White's insurance policy with Commercial Union contains several exclusions from coverage. The policy states that "[t]he insurance does not apply to any of the following: 1. `Bodily injury' or `property damage' expected or intended from the standpoint of the `insured.'" InPhysicians Insurance Co. of Ohio v. Swanson (1991), 58 Ohio St.3d 189, paragraph one of the syllabus, the Ohio Supreme Court held that "[i]n order to avoid coverage on the basis or an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." See, also, Buckeye Union Insurance Co. v. NewEngland Insurance Co., 87 Ohio St.3d 280, 283, 1999-Ohio-67.
 {¶ 7} The Bakers contend that as part of the settlement with White, he stated and acknowledged that "at the time of the motor vehicle accident, he did not know that there was anyone occupying Bakers' motor vehicle." Thus, they argue that a genuine issue of material fact exists regarding whether the act was intentional.
 {¶ 8} However, White also pled guilty and was convicted of felonious assault against Jennifer Baker as a result of the incident. White was convicted of felonious assault pursuant to R.C. 2903.11(A)(2), which states, "No person shall knowingly * * * cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." The trial court found the policy exception for "expected" injury applied because White's conviction was sufficient to establish that injury was at least substantially certain to occur.
 {¶ 9} The Bakers argue that White's conviction for felonious assault does not establish an intent to injure. However, "[a] criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional-acts exclusion." Allstate Ins. v.Cole (1998), 129 Ohio App.3d 334, 336. The crime of felonious assault requires the offender to act "knowingly." R.C. 2903.11(A)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 10} In examining this issue, the Ninth District Court of Appeals found that a conviction involving the mental state of "knowingly" is sufficient to establish an intent to injure and trigger an intentional acts exclusion, as long as the exclusion is not restricted only to intentional acts, but also includes the expected results of one's acts.Lengyel v. Lengyel (May 31, 2000), Summit App. Nos. 19460, 19479. See, also, Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 383. Thus, a conviction for felonious assault, because it involves the mental state of "knowingly," is sufficient to trigger an intentional acts exclusion.Campobasso v. Smolko (July 24, 2002), Medina App. No. 3259-M; Woods v.Cushion (Sept. 6, 2000), Summit App. No. 19896; but see Nationwide MutualIns. Co. v. Machniak (1991), 74 Ohio App.3d 638.
 {¶ 11} We find that White's conviction for felonious assault was sufficient to establish intent under the intentional acts exclusion in the insurance policy in this case. The exclusion included not only acts that were "intended," but also acts that were "expected." White's conduct in ramming into the Baker vehicle was, at a minimum, expected to cause injury. The vehicle had just pulled off into the parking lot, and it was likely that someone still in the vehicle or standing nearby would be injured by White's acts.
 {¶ 12} Therefore, we find that the trial court did not err in granting summary judgment in favor of Commercial Union. The Bakers' assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.