JOURNAL ENTRY AND OPINION.
{¶ 1} The appellant, Veronica Arrowood, appeals the final judgment entry rendered in favor of the appellee, Grange Insurance Company, upon its motion for summary judgment. Upon our review of the arguments of the parties and the record presented, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} The facts of this case are undisputed. On or about March 24, 1999, the tortfeasor, Robert Lemieux, Jr. ("Lemieux") and his mother, Virginia Westfall, drove to Arrowood's house in a car owned by Robert Lemieux, Sr. Lemieux asked to see Arrowood and was informed that she was in the house, asleep. After Lemieux engaged in a verbal confrontation with Arrowood's daughter and several other youngsters who were gathered outside the front of the house, Lemieux and Westfall left.
 {¶ 3} Lemieux then returned to Arrowood's home alone, brandishing a 22-caliber shotgun, which he had obtained from his nearby residence. He discharged the weapon in front of the house at least three times. One of the bullets ricocheted off the house, and Arrowood was shot as she exited the back door of her home. The bullet entered her abdomen, causing serious injury and permanent damage to her spine.
 {¶ 4} Lemieux pleaded guilty to felonious assault with a firearm specification, and he was sentenced to eight years in prison. At the time of the assault, Lemieux resided with his wife, children, mother and sister in a home located near Arrowood's home, which was owned by his father, Robert Lemieux, Sr. The home was insured under a Grange homeowner's policy held by Lemieux, Sr. at the time of the shooting.
 {¶ 5} On or about March 19, 2001, Arrowood filed a civil suit (the "2001 action") against Lemieux, Lemieux's parents, Nationwide Mutual Casualty Company[1], and Grange Mutual Casualty Company. On August 15, 2001, she filed a notice of voluntary dismissal as to Grange Insurance. Counsel for Grange thereupon filed a motion to withdraw, which was granted. Another dismissal notice as to co-defendants Robert Lemieux, Sr. and Virginia Westfall, Lemieux's parents, was filed on March 14, 2002.
 {¶ 6} Arrowood then filed a motion for summary judgment against Lemieux, and Nationwide filed a motion for summary judgment against Arrowood. Nationwide's motion for summary judgment was granted; that decision was affirmed by this court on appeal, and no recovery has been allowed under the policy of insurance issued by Nationwide. Arrowood's motion for summary judgment was also granted and, after a hearing on damages, she was awarded ten million dollars in compensatory damages and ten million dollars in punitive damages against Robert Lemieux, Jr.
 {¶ 7} The instant action was filed on or about August 15, 2002, as a complaint for declaratory judgment to determine whether Robert Lemieux, Jr. is entitled to coverage under the homeowner's policy issued to his father by Grange Insurance, relative to the judgment rendered against him in the 2001 action. The home owned by Robert Lemieux, Sr., in which Robert Lemieux, Jr. resided and housed his arsenal, was covered by a policy of insurance at the time of the shooting, which states, in pertinent part:
 {¶ 8} "EXCLUSIONS * * *
 {¶ 9} "Under the Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
 {¶ 10} "* * *
 {¶ 11} "4. Bodily injury or property damage expected or intended by an insured person * * *
 {¶ 12} "Insurance provided under [the Homeowners Vantage Plus Endorsement] does not apply to:
 {¶ 13} "* * *
 {¶ 14} "b. personal injury arising out of a willful violation of apenal statute or ordinance committed by * * * an insured person * * *." (Emphasis added.)
 {¶ 15} Both appellant and appellee Grange filed motions for summary judgment. The trial court denied appellant's motion and granted the motion for summary judgment filed by Grange finding, as a matter of law, "the exclusion in the homeowner's policy for intentional acts and injuries bars liability coverage. * * * The court further finds that Robert Lemieux, Jr. knowingly fired a rifle at a house in which injury to plaintiff was reasonably expected to result."
 {¶ 16} Appellant presents the following assignment of error for our review:
 {¶ 17} "I. The trial court erred in granting summary judgment to defendant Grange Insurance Company on plaintiff's claim and further erred by denying plaintiff's motion for summary judgment against Grange."
 {¶ 18} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 19} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 20} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 21} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. In ruling on an assignment of error dealing with the granting or denial of a motion for summary judgment, this court must review the same evidentiary material provided to the trial court for review. Murphy v. Reynoldsburg, 65 Ohio St. 356, 360.
 {¶ 22} Appellant served Lemieux with requests for admission[2]
on or about February 6, 2002 while Lemieux was incarcerated and unrepresented. Lemieux failed to answer said requests. The discovery provisions of the Civil Rules are subject to regulation by the court, within its discretion, exercised in accordance with the rules. State exrel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, ¶ 1 of the syllabus; Anderson v. A.C. S., Inc. (1991) 83 Ohio App.3d 581. A matter is deemed admitted unless the party to whom the requests for admission are directed "serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." R.Civ.P. 36(A); Klesch v. Reid, (1994)95 Ohio App.3d 664. Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. This court has repeatedly recognized that "when an individual decides to proceed pro se, he is bound by the same rules and procedures as litigants who retain counsel and must accept the results of [his or her] own mistakes and errors." State v. Socha (Apr. 11, 2002), Cuyahoga App. No. 80002, citingMackey v. Steve Barry Ford, Inc. (May 30, 1991), Cuyahoga App. No. 58681; Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209. Lemieux had the responsibility of procuring other counsel or otherwise addressing the pending lawsuit, even while he was incarcerated; he is now bound by any admissions made.
 {¶ 23} Appellant argues that, as a result of these admissions, Grange is now legally bound to provide coverage under the homeowner's policy since Lemieux admitted that his actions were not intentional, but negligent. We disagree. The fact that Lemieux pleaded guilty to felonious assault is not completely dispositive of the issue; however, it does support the conclusion that Lemieux's acts were intentional, thus falling outside the coverage provided by Grange. Lingo v. State Farm Fire Cas. Co. (1996) Cuyahoga App. Nos. 69514 and 70753.
 {¶ 24} Lemieux was convicted under R.C. 2903.11, which states in pertinent part:
 {¶ 25} "2903.11 Felonious Assault
 {¶ 26} "(A) No person shall knowingly:
 {¶ 27} "(1) Cause serious physical harm to another * * *
 {¶ 28} "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *"
 {¶ 29} Under R.C. 2901.22, "knowingly" is defined as:
 {¶ 30} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." (Emphasis added).
 {¶ 31} A plea to a crime requiring a "knowing" state of culpability is sufficient to invoke a policy exclusion for bodily injury expected or intended by the insured; intent may be inferred from the criminal conviction itself. Allstate Ins. Co. v. Cole (1998)129 Ohio App.3d 334; Nationwide Mut. Fire Ins. Co. v. Carreras (1995) Lorain Cty. App. No. 95-CA-006031. Similarly, in the instant case, we can infer that Lemieux's actions were intentional; firing a loaded gun at a house he knows is occupied is substantially certain to cause injury to someone.
 {¶ 32} In the original action filed in 2001, appellant filed a motion for summary judgment as to Lemieux's liability, which was granted by the trial court without opinion. A hearing was held on damages only, and the court awarded compensatory and punitive damages in that case. In Ohio, an award of punitive damages cannot be awarded based on mere negligence; actual malice is required for an award of punitive damages. "Actual malice" is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Preston v. Murty (1987)32 Ohio St.3d 334 at 336. In fact, liability for punitive damages is reserved for particularly egregious cases involving deliberate malice or conscious, blatant wrongdoing which is nearly certain to cause substantial harm. Spaulding v. Coulson (1998) Cuyahoga App. No. 70524, 70538.
 {¶ 33} In order to avoid providing coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. PhysiciansInsurance Company of Ohio v. Swanson (1991) 58 Ohio St.3d 189; PreferredRisk Ins. Co. v. Gill (1987) 30 Ohio St.3d 108. Intent to harm can be inferred from certain acts, due to their very nature; wrongdoers should not be relieved of liability for "intentional, antisocial, criminal conduct." Gearing v. Nationwide Insurance Co. (1996) 76 Ohio St.3d 34,38; Pfeiffer v. Sahler (2001) Cuyahoga App. No. 78165.
 {¶ 34} The focus of any analysis under Swanson and Gearing should not be on the victim, but on the action of the insured and whether the insured's action is substantially certain to cause harm. State Farm Fireand Cas. Co. v. Boyson, (2000) Cuyahoga App. No. 76194. As this court found in Boyson, "we cannot possibly say that a person who aims a gun, and fires the gun in the direction of individuals, and [injures] people, is not substantially certain to cause harm." Boyson, Cuyahoga App. No. 76194, at 18.
 {¶ 35} In light of the fact that Lemieux pled guilty to felonious assault, and considering that the trial court in the previous action found for appellant and awarded not only compensatory but punitive damages, we find that Lemieux's actions were substantially certain to cause harm and that the injury to appellant was expected, as defined by the applicable insurance policy. The fact that Lemieux's bullet did not hit one of the people standing in front of the house does not make it any less certain that someone would be injured by his actions. Coverage does not attach merely because the tortfeasor guessed wrongly as to who his victim might be; for a policy exclusion to apply, the insurer must demonstrate only that the injury was intended or expected, not that the particular victim of the injury was the intended or expected victim.
 {¶ 36} Finally, appellant argues that collateral estoppel applies such that Grange should be precluded from relitigating Lemieux's mental state, as it is applicable to insurance coverage, in the instant action. Appellant relies on Howell v. Richardson (1989) 45 Ohio St.3d 365, which holds that where a determination is made in an initial action instituted against a tortfeasor relative to his culpable mental state, collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against his insurer pursuant to R.C. 3929.06. Howell,45 Ohio St.3d 365, 368. However, we find the criminal conviction and the award of punitive damages most convincing as to the prior determination of Lemieux's mental state.
 {¶ 37} We are troubled by appellant's conduct during the pendency of this case, specifically in voluntarily dismissing Grange as a party in the prior action for the purpose of propounding discovery, which she was reasonably certain would go unanswered, upon an unrepresented and incarcerated party. We decline to apply the doctrine of collateral estoppel in this case, especially in light of the punitive damage award in the underlying action. Thus, appellant's single assignment of error is without merit.
Judgment affirmed.
KENNETH A. ROCCO, A.J., and SEAN C. GALLAGHER, J., concur.
[1] Veronica Arrowood was insured under an auto policy issued by Nationwide at the time of the shooting.
[2] The requests for admission served upon Lemieux by appellant were as follows:
"1. You are requested to admit that you did not intend to shoot Veronica Arrowood.
2. You are requested to admit that your shooting of Veronica Arrowood was an accident.
3. You are requested to admit that you did not even see Veronica Arrowood or know her whereabouts at the time she was shot.
4. You are requested to admit that you did not intend to shoot anyone on March 24, 1999.
5. You are requested to admit that the shooting of Veronica Arrowood was not intentional, but merely negligent.
6. You are requested to admit that at the time of Veronica Arrowood's shooting you were living with your mother Virginia Westfall, in a home owned by your father, Robert Lemieux, Sr."