JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Marc and Catherine Berridge, appeal from an order of the Cuyahoga County Court of Common Pleas, granting summary judgment to plaintiff-appellee, State Farm Fire and Casualty Company ("State Farm"). For the following reasons, we affirm.
 {¶ 2} In September 2006, appellants filed a complaint for assault and battery, negligence, and loss of consortium, against Michael and Lorita Harpster for injuries Marc Berridge allegedly received after being "viciously assaulted" by Michael Harpster on September 25, 2005. The Harpsters denied liability, and sought defense and indemnification from State Farm, with whom they had a homeowner's insurance policy.
 {¶ 3} Marc Berridge testified in a deposition that he was driving south on I-71, when he attempted to pass a vehicle that was traveling slowly. The driver of the other vehicle, who he later learned was Michael Harpster, sped up as he tried to pass him. Berridge said that Harpster continued to speed up and slow down every time Berridge tried to pass him. Berridge sensed a road rage situation developing. Both cars exited at Route 82, and Berridge pulled into the Holiday Inn parking lot (his destination). He saw Harpster drive past him on Route 82 "at a high rate of speed," and thought that was "the end of the incident."
 {¶ 4} As Berridge got out of his car, he said Harpster hit him from behind almost immediately; "the sort of blow that you might feel when playing football." He said, "[t]he blow sent [him] flying." Harpster continued to come after him several *Page 4 
times, grabbing him, knocking him to the ground, and punching him. During one of the blows, Berridge fell to the ground and broke both of his wrists. Berridge said it was not possible that Harpster accidentally fell on him.
 {¶ 5} Berridge further explained that a security guard came out of the hotel and ordered Harpster to stop. Harpster and his wife got into their vehicle and fled. Berridge memorized Harpster's license plate number.
 {¶ 6} Paramedics transported Berridge to the hospital. In addition to two broken wrists, he had ligament damage. He also suffered lacerations and contusions to his body and face. He underwent reduction surgery on his wrists within a few days of the accident, and had to have more surgeries on them later.
 {¶ 7} Michael Harpster was indicted for felonious assault and vandalism based on his alleged conduct on September 25, 2005. He entered a not guilty plea and the case proceeded to trial. During the middle of trial, however, Michael Harpster changed his plea to guilty. He pled guilty to an amended count of aggravated assault, a felony of the fourth degree. The other count was nolled.
 {¶ 8} In October 2006, State Farm filed a complaint for declaratory judgment (the subject of this appeal) against appellants and Michael and Lorita Harpster, seeking a declaration from the court that it did not have a duty to defend or indemnify the Harpsters in the underlying lawsuit. State Farm claimed that the policy excluded coverage because 1.) the injures were not the result of an accident or "occurrence"; *Page 5 
2.) the injuries resulted from the insured's expected or intended acts; and 3.) the injuries resulted from the insured's willful and malicious acts.
 {¶ 9} After discovery was completed, State Farm moved for summary judgment.
 {¶ 10} In support of its motion, State Farm attached authenticated and certified copies of appellants' complaint against the Harpsters; Michael Harpster's indictment; the journal entry reflecting Harpster's guilty plea and the court's acceptance of it; the journal entry sentencing Harpster; and the insurance policy.
 {¶ 11} The Harpsters filed a brief in opposition to State Farm's motion, as well as a cross-motion for summary judgment. In support of each one, Michael and Lorita Harpster attached their affidavits.[1]
 {¶ 12} Michael Harpster averred that "[a]n argument developed" in the Holiday Inn parking lot between him and Berridge. He claimed that Berridge "slapped" him in the hand and "kicked" him.
 {¶ 13} Harpster then stated: "I moved toward him and fell over a bag that he * * * had left on the ground. * * * I then fell against Marc Berridge into a car. * * * I never hit Marc Berridge and never intended to hit him or do bodily harm to him. My falling into Marc Berridge was an accident, plain and simple." *Page 6 
 {¶ 14} Lorita Harpster averred that she never saw her husband kick or strike Marc Berridge; her husband fell into Marc Berridge; and that she knew that her husband never intended to hurt Marc Berridge. She further stated that "[a]ny injuries sustained by Marc Berridge was due to the actions of Marc Berridge or by way of my husband accidentally falling into Marc Berridge."
 {¶ 15} Appellants also filed a brief in opposition to State Farm's summary judgment motion.
 {¶ 16} In May 2007, the trial court granted summary judgment to State Farm, finding that "the underlying event in this case was an assault." Relying on State v. Steverding (June 1, 2000), 8th Dist. No. 77196, the trial court stated, "the Eighth District Court of Appeals found that `given the fact that the subject assault does not qualify as an accident, it cannot then be considered an `occurrence' as specifically defined by the terms of the policy and liability insurance coverage is not available."
 {¶ 17} It is from this judgment that appellants appeal, raising a sole assignment of error.[2]
 {¶ 18} "[1.] The trial judge erred, as a matter of law, by granting summary judgment in favor of plaintiff-appellee."
 {¶ 19} Civ. R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be *Page 7 
litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Duganitz v. Ohio Adult Parole Auth. (1996),77 Ohio St.3d 190, 191.
 {¶ 20} The moving party carries the initial burden of setting forth specific facts which demonstrate there is an absence of genuine issues of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. If the movant fails to meet this burden, summary judgment must be denied. Id. But if the movant does meet this burden, a corresponding duty is triggered in the non-movant to come forward with evidence demonstrating a jury question. Id. at 293.
 {¶ 21} We review an appeal from summary judgment under a de novo standard. Baiko v. Mays (2000), 140 Ohio App.3d 1, 10. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.Northeast Ohio Apartment Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188, 192.
 {¶ 22} Appellants admit that they "have always maintained * * * that [Michael] Harpster perpetrated a brutal and unprovoked attack on September 25, 2005 in the Holiday Inn parking lot." They claim that "[h]ad this been the extent of the evidentiary record, there would have been no doubt that State Farm was entitled to summary judgment." *Page 8 
 {¶ 23} Appellants contend, however, that "[t]his was not the case, * * * because [Michael] Harpster had produced at least some evidence which, if believed, would exonerate him upon the claims of assault and battery." Appellants point to Michael Harpster's affidavit, where he averred that he "never intended to hit [Marc Berridge] or do bodily harm to him," and that he accidentally "fell against Marc Berridge."
 {¶ 24} Appellants further state they "certainly are in agreement that the Harpsters' testimony is not convincing." But they argue that "[t]he inescapable verity is" that a jury may believe Michael Harpster's and his wife's testimony that Michael Harpster never intended to hit Marc Berridge and that it was simply an accident. Therefore, they maintain that this "fact-intensive dispute * * * cannot be resolved through deposition and affidavit testimony."
 {¶ 25} Appellees argue, and the trial court agreed, that summary judgment was proper because Michael Harpster's criminal conviction of aggravated assault collaterally estopped appellants from relitigating the issue of intent. The question at the crux of this appeal then is a narrow one: whether Michael Harpster's guilty plea to aggravated assault conclusively established intent, such that coverage would be excluded under the policy.
 THE POLICY {¶ 26} The relevant portions of the State Farm policy are as follows:
 {¶ 27} "SECTION II — LIABILITY COVERAGES *Page 9 
 {¶ 28} "If a claim is made or a suit is brought against aninsured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 {¶ 29} "1. pay up to our limit of liability for the damages for which the insured is legally liable; and
 {¶ 30} "2. provide a defense at our expense by counsel of our choice[.]" (Emphasis sic.)
 {¶ 31} The policy defines "occurrence" as "an accident, including exposure to conditions, which results in * * * bodily injury." The policy does not define "accident." Undefined terms used in insurance policies should be given their plain and ordinary meaning. State Farm Cas. Co.v. Boyson (July 6, 2000), 8th Dist. No. 76194, 2000 Ohio App. LEXIS 3021, at 9. "Accident" means "`an event preceding from an unexpected happening or unknown cause without design and not in the usual course of things.'" Id. at 14, quoting Aguiar v. Tallman (March 15, 1999), 7th Dist. No. 97CA116, 1999 Ohio App. LEXIS 985 (citing 58 Ohio Jurisprudence 3d 263-64, Insurance, Section 787).
 {¶ 32} Under "SECTION II — EXCLUSIONS," the policy provides that coverage does not apply to bodily injury:
 {¶ 33} "(1) which is either expected or intended by theinsured; or
 {¶ 34} "(2) which is the result of willful and malicious acts of theinsured[.]"
 COLLATERAL ESTOPPEL *Page 10 {¶ 35} Appellants claim that "Ohio law simply does not allow principles of collateral estoppel (or any other legal theory) to conclusively bind a criminal defendant to his/her conviction in a civil proceeding." We disagree.
 {¶ 36} In Wloszek v. Weston, Hurd, Fallon, Paisley Howley, 8th Dist. No. 82412, 2004-Ohio-146, this court explained that "[a] criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action." Id. at_40. Estoppel extends only to questions "directly put in issue and directly determined" in the criminal prosecution. Id.
 {¶ 37} Thus, contrary to appellants's assertions, "an issue conclusively determined in a criminal case may have preclusive effect in a later civil case." Frank v. Simon, 6th Dist. No. L-06-1185,2007-Ohio-1324, at_14. "Whether the issue was `actually and necessarily litigated' in the prior criminal action is more relevant than whether the party seeking to use collateral estoppel was a bound party to the criminal action." Id.
 AGGRAVATED ASSAULT {¶ 38} Michael Harpster pled guilty to aggravated assault, a felony of the fourth degree. R.C. 2903.12(A)(1) states that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person *Page 11 
into using deadly force, shall knowingly * * * [c]ause serious physical harm to another[.]"
 {¶ 39} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 40} The Supreme Court of Ohio has held that the "submission of a guilty plea to a criminal charge, for a crime of which intent is an essential element, is strong enough proof so as to eliminate all doubt as to whether an insured's conduct would be deemed Intentional' for purposes of an Intentional act' exclusion." Nationwide Mut. Ins. Co. v.Manning (Aug. 8, 1997), 11th Dist. No. 96-G-1999, 1997 Ohio App. LEXIS 3581, at 9, citing Preferred Risk Ins. Co. v. Gill (1987),30 Ohio St.3d 108, 115. This rule also applies in cases where courts must determine if bodily injury was caused by an "occurrence." Id.
 {¶ 41} This court has held that "[a] plea to a crime requiring a `knowing' state of culpability is sufficient to invoke a policy exclusion for bodily injury expected or intended by the insured's intent may be inferred from the criminal conviction itself." Arrowood v. GrangeIns. Co., 8th Dist. No. 82487, 2003-Ohio-4075, at_31, citingAllstate Ins. Co. v. Cole (1998), 129 Ohio App.3d 334.
 {¶ 42} In fact, "[a]ll Ohio courts which have specifically addressed the issue have held that a criminal conviction, in and of itself, can establish intent for the *Page 12 
purposes of applying an intentional-acts exclusion when the insurance company moves for summary judgment on that issue. Westfield Ins. v.Barnett, 7th Dist. No. 306, 2003-Ohio-6278, at_16, citing Cole, supra;Nearor v. Davis (1997), 118 Ohio App.3d 806; Baker v. White, 12th Dist. No. 2002-08-065, 2003-Ohio-1614; Adkins v. Ferguson, 5th Dist. No. 02 CA 34, 2003-Ohio-403; Lingo v. State Farm Fire Cas. Co. (Dec. 5, 1996), 8th Dist. Nos. 69514 and 70753, 1996 Ohio App. LEXIS 5444. "In each of these cases, the insurer argued on summary judgment that it had no duty to defend the insured since the insured had been convicted of a criminal act which included intent as an element of the offense and that criminal act gave rise to the underlying civil suit. In each of these cases, the trial court granted summary judgment to the insurer and that decision was affirmed on appeal." Id.
 {¶ 43} We explained in Arrowood at_33:
 {¶ 44} "In order to avoid providing coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended.Physicians Insurance Company of Ohio v. Swanson (1991)58 Ohio St.3d 189; Preferred Risk Ins. Co. v. Gill (1987) 30 Ohio St.3d 108. Intent to harm can be inferred from certain acts, due to their very nature; wrongdoers should not be relieved of liability for `intentional, antisocial, criminal conduct.' Gearing v. Nationwide Insurance Co.
(1996) 76 Ohio St.3d 34, 38; Pfeiffer v. Sahler (2001) 8th Dist. No. 78165, 2001 Ohio App. LEXIS 4058." *Page 13 
 {¶ 45} "Although * * * aggravated assault, requires an element of knowledge rather than intent, one who knowingly commits aggravated assault does so with a reasonable expectation that he will injure someone. In fact, an element of the crime is causing serious physical harm to another. This is not a situation such as a minor traffic offense in which the crime could inadvertently cause an injury. The crime and the injury are inseparable." Nationwide Mut. Fire Ins. Co. v.Carreras (Nov. 15, 1995), 9th Dist. No. 95CA006031, 1995 Ohio App. LEXIS 5067, at 9.
 {¶ 46} In the case at bar, Michael Harpster pled guilty to aggravated assault. A conviction for aggravated assault involves the culpable mental state of knowingly. Thus, Michael Harpster pled guilty and admitted that he knowingly caused serious physical harm to Marc Berridge. This also means that Michael Harpster "was aware that his conduct" would result in serious physical harm to Marc Berridge. R.C. 2901.22. It is established then, that Marc Berridge's injuries were not the result of an accident or occurrence, and were both expected and intended by Michael Harpster.
 {¶ 47} The mere fact that Michael Harpster submitted an affidavit that essentially recanted his earlier admissions of wrongdoing does not, in and of itself, give rise to a triable issue of fact in light of the overpowering evidentiary materials submitted by State Farm.
 {¶ 48} We note further that Michael Harpster did not tender an Alford plea in the criminal proceeding. "To enter a proper Alford plea it is necessary that the *Page 14 
defendant enter a plea of guilty as authorized by Crim. R. 11(A), coupled with an on-the-record protestation of innocence by the defendant."Manning at 10, citing State v. Hayes (1995), 101 Ohio App.3d 73, 77. The transcript of the plea hearing, which was also in the record, plainly reveals that Harpster never protested, on the record, that he was innocent; hence, nothing in it weakens the evidentiary value of the plea.
 {¶ 49} In addition, Lorita Harpster's affidavit does not create a genuine issue of material fact, in light of Michael Harpster's guilty plea to aggravated assault. Since it is always in the interest of the insured to establish coverage and avoid policy exclusions, an insured's self-serving statements are "of negligible value." Nationwide Mut. Ins.Co. v. Layfield, 11th Dist. No. 2002-L-155, 2003-Ohio-6756, at_12.
 {¶ 50} Appellants also argue that their complaint, which includes a negligence cause of action, "clearly states a potential or arguable basis for coverage under the policy." We disagree. Although appellants allege "negligence" in their complaint, this does not give rise to a question of fact as to Michael Harpster's intent, "for the mere insinuation of negligence in a civil complaint cannot transform what are essentially intentional torts into something `accidental' that might be covered by insurance." Manning, supra, at 18, citing Allstate Ins. Co.v. Lobracco (Nov. 24, 1992), 10th Dist. Nos. 92AP-649, 92AP-650, 1992 Ohio App. LEXIS 6210. *Page 15 
 {¶ 51} Accordingly, we conclude that the evidentiary materials submitted by State Farm more than adequately demonstrate an absence of genuine issues of material fact regarding whether Michael Harpster's conduct could be deemed accidental for purposes of insurance coverage, and whether he expected or intended bodily injury.
 {¶ 52} Appellants' assignment of error is without merit. The judgment of the Cuyahoga County Court of Common Pleas granting summary judgment to State Farm is affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR
[1] In appellants' statement of facts to this court, they cite to Michael's and Lorita's deposition testimony. However, these depositions are not in the record on appeal, nor were they filed with the trial court.
[2] The Harpsters are not parties to this appeal. According to appellants, they "settled their civil claims against the Harpsters in exchange for a judgment for a compromised sum." *Page 1