[Cite as *Tvergyak v. Rak*, 2025-Ohio-2680.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSEPH TVERGYAK,                       :

    Plaintiff-Appellee,        :

                                   No. 114513

    v.                        :

THOMAS RAK,                            :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-965267

---

### *Appearances:*

Collins, Roche, Utley & Garner, LLC and Eric K. Grinnell, *for intervenor-appellee* State Farm Mutual Insurance Company.

Jay F. Crook Attorney at Law, LLC, and Jay F. Crook, *for appellant*.

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Thomas Rak ("Rak") appeals the trial court's decision granting summary judgment to intervenor-appellee State Farm Mutual

Automobile Insurance Company ("State Farm"). We affirm the trial court's decision.

{¶2} On May 3, 2022, Rak pleaded guilty to aggravated assault, a fourth-degree felony, in violation of R.C. 2903.12(A)(1), and was sentenced to one- and one-half years of community control, for striking Joseph Tvergyak ("Tvergyak") with his pickup truck. On the day of the incident, Rak and Tvergyak argued over money that Rak loaned Tvergyak. Rak got into his pickup truck and began driving away when Tvergyak threw a lawnmower at Rak's truck. Rak turned his truck around and drove towards Tvergyak, striking Tvergyak with the truck. Rak claimed that a can of iced tea lodged under the brake pedal, preventing him from stopping before striking Tvergyak. Rak was arrested and initially charged with two counts of felonious assault and one count of attempted murder. Rak pleaded guilty to amended Count 2, aggravated assault. Counts 1 and 3 were nolled.

{¶3} On June 24, 2022, Tvergyak filed a civil complaint against Rak alleging that Rak's actions caused Tvergyak injury and required him to seek medical care that incurred expenses and caused him great physical pain, mental anguish, and emotional distress. The summons and complaint were sent to Rak, who was required to file his answer by September 30, 2022. Rak failed to answer the complaint, and Tvergyak filed a motion for a default judgment. On October 31, 2022, the trial court granted Tvergyak's motion and awarded him $545,840.00 in damages.

{¶4} On December 2, 2022, the trial court rendered a judgment lien against Rak. On January 19, 2023, a motion for judgment debtor's examination was filed moving the trial court to order Rak to appear before the court for an examination of his assets to satisfy the $545,840.00 judgment. On February 23, 2023, the trial court granted the motion and ordered Rak to appear for a hearing. On June 13, 2023, Rak, through counsel, filed an answer to the complaint. In Rak's answer, he argued that Tvergyak failed to include all necessary parties and that the damages claimed by the plaintiff must be apportioned among all liable parties, including State Farm, Rak's automobile insurance company.

{¶5} On September 1, 2023, State Farm filed an intervenor complaint arguing that the exclusions contained within their policy precludes any duty to defend or indemnify Rak's claims. A liability coverage clause in State Farm's policy states: "There is no coverage for an insured who intentionally causes bodily injury or damage to property." On December 22, 2023, Rak filed his answer to State Farm's intervenor complaint stating, in part, that he admits he pleaded guilty to aggravated assault but denies that any harm caused to Tvergyak was knowingly. Rak further denied that his conviction for aggravated assault was equivalent to an admission that any injury Tvergyak sustained was directly and proximately caused by a knowing act.

{¶6} On April 1, 2024, State Farm filed a motion for summary judgment. On July 2, 2024, the trial court granted State's Farm motion for summary judgment. On August 1, 2024, Rak filed an appeal in this court, and this court sua

sponte dismissed the appeal for lack of a final appealable order because the judgment failed to include Civ.R. 54(B) language. On October 2, 2024, the trial court modified its earlier journal entry to include the necessary language and stated in part:

> Ohio public policy generally prohibits obtaining insurance to cover damages caused by intentional torts. Liability insurance does not exist to relieve wrongdoers of liability for intentional, antisocial, or criminal conduct. Consequently, most insurance policies contain an intentional-act exclusion stating that the insurance company will not be liable for harm intentionally caused by the insured. *Cummings v. Lyles*, 2015-Ohio-316, ¶ 14 (8th Dist.).

Journal Entry No. 186926063 (Oct. 2, 2024).

**{¶7}** Rak filed this appeal, assigning one error for our review:

> The trial court erred in finding that Mr. Rak's plea to one count of a violation of R.C. 2903.12(A)(1) was determinative of the issue of whether or not State Farm was entitled to relief from their duty to defend and indemnify under the intentional acts clause in the insurance contract.

## I.     Standard of Review

**{¶8}** We review the trial court's grant of summary judgment de novo. *Warthog Mgmt. LLC v. Fares*, 2024-Ohio-2065, ¶ 17 (8th Dist.). A party is entitled to summary judgment pursuant to Civ.R. 56(C) if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Cummings* at ¶ 11.

**{¶9}** "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If that burden is met, then the nonmoving party has the burden to set forth facts that there remain genuine issues of material fact precluding summary judgment. *Id*.

## II. Law and Analysis

**{¶10}** In Rak's sole assignment of error, he argues that the trial court erred in granting State Farm's motion for summary judgment. Rak pleaded guilty to aggravated assault, R.C. 2903.12, which is defined as follows:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: Cause serious physical harm to another or to another's unborn.

**{¶11}** Rak contends that knowingly causing serious physical harm, as contained in the definition of aggravated assault, is different than intentionally causing bodily harm, as contained in State Farm's policy. Rak argues that because of the differences, State Farm was not entitled to relief from their duty to defend and indemnify under the intentional acts clause in the insurance contract.

**{¶12}** This court in *Cummings* addressed this identical argument. In *Cummings*, the appellant argued, like Rak, that his admission to knowingly causing serious physical harm did not exclude coverage pursuant to the insurance

policy's intentional-acts exclusion clause. *Id*. at ¶ 13. Similar to the decision in *Cummings,* we disagree with Rak's assertion.

{¶13} "'Ohio public policy generally prohibits obtaining insurance to cover damages caused by intentional torts.'" *Id*. at ¶ 14, quoting *Chiquita Brands Internatl., Inc. v. Fed. Ins. Co.*, 2013-Ohio-759, ¶ 11 (1st Dist.). "'Liability insurance does not exist to relieve wrongdoers of liability for intentional, antisocial or criminal conduct.'" *Id*., quoting *id*. "Consequently, most insurance policies contain an intentional-act exclusion stating that the insurance company will not be liable for harm intentionally caused by the insured." *Id*., citing *Allstate Ins. Co. v. Campbell*, 2010-Ohio-6312, ¶ 9.

{¶14} "'A plea to a crime requiring a knowing state of culpability is sufficient to invoke a policy exclusion for bodily injury expected or intended by the insured; intent may be inferred from the criminal conviction itself.'" *Id*. at ¶ 15, quoting *Arrowood v. Grange Ins. Co.*, 2003-Ohio-4075, ¶ 31 (8th Dist.), citing *Allstate Ins. Co. v. Cole*, 129 Ohio App.3d 334, 336 (9th Dist. 1998).

{¶15} "The 'submission of a guilty plea to a criminal charge, for a crime of which intent is an essential element, is strong enough proof so as to eliminate all doubt as to whether an insured's conduct would be deemed intentional for purposes of an intentional act exclusion.'" *Id*. at ¶ 16, quoting *Motorists Mut. Ins. Co. v. Manning*, 1997 Ohio App. LEXIS 3581, *8 (11th Dist. Aug. 8, 1997), citing *Preferred Risk Ins. Co. v. Gill*, 30 Ohio St.3d 108, 115 (1987).

**{¶16}** Similarly to the matter heard in *State Farm Fire & Cas. Co. v. Harpster*, 2008-Ohio-3357 (8th Dist.), like Rak, the insured pleaded guilty to aggravated assault. The insurance company denied coverage because of the guilty plea and conviction. "Recognizing the precedents on this issue, this court affirmed the summary judgment in favor of the insurance company." *Cummings* at ¶ 18.

**{¶17}** "This district noted that all Ohio courts that have addressed the issue have held that a criminal conviction, in and of itself, can establish intent for the purposes of applying an intentional-acts exclusion when the insurance company moves for summary judgment on that issue." *Harpster* at ¶ 42, citing *Westfield Ins. v. Barnett*, 2003-Ohio-6278 (7th Dist.); *Nearor v. Davis,* 118 Ohio App.3d 806 (1st Dist. 1997); *Baker v. White*, 2003-Ohio-1614 (12th Dist.); *Adkins v. Ferguson*, 2003-Ohio-403 (5th Dist.); *Lingo v. State Farm Fire & Cas. Co.*, 1996 Ohio App. LEXIS 5444 (8th Dist. Dec. 5, 1996).

**{¶18}** This court acknowledged in *Harpster* that although the offense of aggravated assault requires an element of knowledge rather than intent, one who commits aggravated assault — knowingly caused serious physical harm — does so with a reasonable expectation that injury will occur. *Harpster* at ¶ 45. This court concluded that by pleading guilty to aggravated assault, the insured admitted he knowingly caused serious physical harm to the victim; in other words, the victim's injuries were both expected and intended. *Harpster* at ¶ 46.

**{¶19}** Reviewing the matter de novo, we likewise do not find *Harpster* or *Cummings* distinguishable from our instant case. Because of the Rak's guilty plea

to aggravated assault, it was his burden to rebut the assumption of intent and to create a triable issue of fact.  Rak failed to set forth facts demonstrating that there remain genuine issues of material fact precluding summary judgment.

**{¶20}** Therefore, Rak's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
DEENA R. CALABRESE, J., CONCUR